## PEOPLE v GOFF

Docket No. 59447. Decided October 6, 1977. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals.

George Goff was charged with possession of heroin. The Recorder's Court of Detroit, George W. Crockett, Jr., J., granted defendant's motion to quash the information and to suppress evidence seized under a search warrant on the ground that the affidavit for the search warrant was not signed by the affiant. On application for delayed appeal by the people, the Court of Appeals, V. J. Brennan, P. J., and J. H. Gillis and Maher, JJ., vacated the order and remanded for reinstatement of the prosecution (Docket No. 30047). Defendant applies for leave to appeal. *Held:*

1. Neither statute nor case law addresses the question whether an affidavit on which a search warrant is based must be signed by the affiant. The Supreme Court concludes as a matter of policy that a signature is needed.

2. After November 30, 1977, an affidavit supporting a search warrant issued pursuant to MCL 780.651; MSA 28.1259(1) must be signed by the affiant. A search warrant based on an unsigned affidavit will be invalid.

3. The absence of a signature on the affidavit in this case does not necessarily invalidate the search warrant. The record is ambiguous as to whether the affidavit was made on oath to a magistrate, and further proceedings are required to substantiate that the affidavit was made on oath.

Reversed and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman* for defendant.

Per Curiam. The defendant was charged with possession of heroin, which was seized pursuant to a search warrant. Although the magistrate authorizing the search warrant attested that the police officer's supporting affidavit was "subscribed and sworn", the affidavit had not been signed by the police officer. The trial judge granted the defendant's motion to quash the warrant and suppressed the evidence seized on the grounds that there was no authority to issue the warrant because the supporting affidavit was not signed. The Court of Appeals reversed by order, holding that a magistrate's signed jurat on the affidavit is prima facie evidence of the affiant's oath and that no evidence was presented in the trial court to overcome this presumption of validity. *Michigan Trust Co v Luton*, 267 Mich 547; 255 NW 351 (1934), and *Rameau v Valley*, 168 Mich 569; 134 NW 987 (1912), were cited for the proposition that an affidavit, if properly sworn to, is not invalid because it is not signed by the affiant.

We disagree with the Court of Appeals conclusion that no evidence was presented below to overcome the presumption of validity that attaches to a magistrate's jurat. The magistrate attested that the affidavit was subscribed when it clearly was not. In these circumstances, the attestation that the affiant had also sworn to the truth of the facts in the affidavit is suspect.

Under MCLA 780.651; MSA 28.1259(1), the affidavit must be made on oath to a magistrate. Neither the statute nor Michigan case law addresses the question whether an affidavit on which a search warrant is based must be signed by the affiant. We conclude, as a matter of policy, that a signature is needed. After November 30, 1977, an affidavit supporting a search warrant, issued pursuant to MCLA 780.651; MSA 28.1259(1), must be

signed by the affiant. A search warrant based on an unsigned affidavit will be invalid.

The absence of a signature on the affidavit in this case does not necessarily invalidate the search warrant. The record is ambiguous as to whether the affidavit was made on oath to a magistrate. Further proceedings are required to substantiate that the affidavit was made on oath, for example, a transcript of testimony by the affiant before the magistrate or supplementary testimony by the affiant.

The application for leave to appeal is considered and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the Court of Appeals and remand the case to Recorder's Court for further proceedings consistent with this opinion.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.