PEOPLE v VERNEIDA MITCHELL

PEOPLE v CHARLES MITCHELL

Docket No. 79822. Submitted March 18, 1985, at Detroit.—Decided May 7, 1985. Leave to appeal applied for.

Defendants, Verneida Mitchell and Charles Mitchell, were charged with second-degree murder, Recorder's Court of Detroit. The trial court granted a defense motion to suppress evidence seized pursuant to a search warrant invalidly issued because the affidavit upon which it was based was invalid. The prosecutor moved for reconsideration of the suppression order and reconsideration was denied, Michael F. Sapala, J. The prosecutor appealed by leave granted. The Court of Appeals first ordered a remand, then, on reconsideration, vacated its remand order. *Held:*

The purpose of the 1977 technical procedural rule that a search warrant based upon an unsigned affidavit is per se invalid was to impress upon police departments the necessity of careful, full compliance with the requirements for a warrant. That purpose has been served in large part. It now appears that, in balancing the competing interests, it is more important that all admissible evidence be brought before the court than that police be educated by throwing out evidence on what seems to be a hypertechnical basis. The Fourth Amendment to the United States Constitution does not bar the use, in the prosecution's case in chief, of evidence obtained by the police in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid.

Reversed and remanded with instructions to hold an evidentiary hearing to determine whether there was an adequate basis for issuance of a search warrant. If there was, the affidavit supporting the search warrant may be signed and sworn to *nunc pro tunc* and the orders suppressing evidence on the basis that the affidavit was unsigned shall be reversed.

SEARCHES AND SEIZURES — WARRANTS — AFFIDAVITS.

The prophylactic rule that a search warrant based upon an unsigned affidavit is invalid and evidence seized in reliance

REFERENCE FOR POINTS IN HEADNOTE

68 Am Jur 2d, Searches and Seizures § 60 *et seq.*

thereon is inadmissible should no longer be applied in cases where there was an adequate basis for issuance of the warrant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Principal Attorney, Research, Training and Appeals, for the people.

*Thomas M. Loeb,* for defendant Verneida Mitchell.

Before: BEASLEY, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

BEASLEY, P.J. Defendants, Verneida and Charles Mitchell, were charged with the second-degree murder of Richard Williams, in violation of MCL 750.317; MSA 28.549. The trial court ruled that defendant Verneida Mitchell was arrested without probable cause. The prosecutor applied for leave to appeal that decision, and this Court granted leave. In *People v Mitchell,* 138 Mich App 163; 360 NW2d 158 (1984), this Court reversed, holding that the trial court erred in determining that defendant Verneida was arrested without probable cause, and remanded the case.

On August 5, 1983, the trial court granted a defense motion to suppress evidence seized pursuant to an invalidly issued search warrant on the basis of the Supreme Court decision in *People v Goff.*[1] On July 10, 1984, the prosecutor filed a motion to reconsider the order suppressing evidence seized. That motion was denied on July 20, 1984. On August 24, 1984, this Court granted the prosecutor's application for leave to appeal and

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] 401 Mich 412; 258 NW2d 57 (1977).

ordered that the case be remanded to the trial court for a hearing pursuant to *Goff, supra.* Defendant moved for reconsideration of that order and, on October 8, 1984, the application for rehearing was granted, the order of remand vacated, and the motion for leave to appeal granted.

In *Goff, supra,* the Supreme Court ruled that, as a matter of policy, after November 30, 1977, an affidavit supporting a search warrant, issued pursuant to MCL 780.651; MSA 28.1259(1), must be signed by the affiant, and that a search warrant based on an unsigned affidavit would be invalid. In the case before it, the Court held that the absence of a signature on the affidavit did not necessarily invalidate the search warrant and remanded for further proceedings to substantiate that the affidavit was made on oath.[2] When a search warrant is based on an affidavit issued in violation of a state statute, the evidence obtained must be excluded.[3]

In this case, the affiant did not sign the affidavit upon which the search warrant was based. The trial court, relying on *Goff,* ruled that the evidence seized pursuant to the search warrant, which included the murder weapons, had to be suppressed. The prosecutor moved for reconsideration on the basis of the United States Supreme Court decisions in *United States v Leon*[4] and *Massachusetts v Sheppard,*[5] and the Michigan Supreme Court decision in *People v Nash.*[6]

In *Leon* and *Sheppard,* the Supreme Court held that the Fourth Amendment's exclusionary rule does not bar the use, in a prosecution's case in chief, of evidence obtained by officers acting in

---

[2] *Id.,* pp 413-414.

[3] *People v Sherbine,* 421 Mich 502; 364 NW2d 658 (1984).

[4] 468 US —; 104 S Ct 3405; 82 L Ed 2d 677 (1984).

[5] 468 US —; 104 S Ct 3424; 82 L Ed 2d 737 (1984).

[6] 418 Mich 196, 215; 341 NW2d 439 (1983).

reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. However, in *Leon,* the Court noted that "we leave untouched the probable-cause standard *and the various requirements for a valid warrant".*[7] In *Nash, supra,* the Michigan Supreme Court held that it could conceive of no reason to apply a higher standard of reasonableness to the search of a cardboard box outside the door of a dwelling under the state's constitution than that required by the Fourth Amendment to the United States Constitution.

Taken together, these cases may stand for the proposition that a search, pursuant to a warrant supported by an unsigned affidavit, may not be violative of the state or federal constitution. However, the Michigan Supreme Court's holding in *Goff* was based on policy grounds and not on the state or federal constitution. Thus, the Supreme Court might say that the rule set out in *Goff* was not affected by these cases. We do not agree with that approach.

In *Goff,* the Court articulated a technical, procedural requirement that the affidavit supporting a search warrant had to be signed by the affiant. But *Goff* was decided in 1977. We are inclined to believe that the purpose of the rule was primarily to impress upon police departments the necessity of careful, full compliance with the warrant requirements. In large part, that purpose has been served.

Now, in 1985, it is clear that, in balancing competing interests, the United States Supreme Court in *Leon, supra,* believes that bringing all admissible evidence before a jury or judge is paramount to "educating" police by throwing out evi-

---

[7] *Leon, supra,* 82 L Ed 2d 699 (emphasis added).

dence on what seems a hypertechnical basis. We do not believe the extremely prophylactic rule articulated by the Supreme Court in *Goff* was intended to be etched in stone for perpetuity.

On the contrary, we believe the time has come for reconsideration and abandonment of a rule whose purpose has been served. To that end, we decline to hold invalid a warrant the affidavit for which was unsigned. Rather, we remand this case to the trial court for an evidentiary hearing to determine whether, in fact, there was an adequate basis for issuance of the search warrant. If there was, consistent with this opinion, the affidavit supporting the search warrant may be signed and sworn to *nunc pro tunc,* and all orders suppressing evidence on the basis that the affidavit was unsigned shall be reversed.

Reversed and remanded.