PEOPLE v HYMAN

Docket No. 86615. Submitted June 24, 1986, at Detroit. Decided
    December 2, 1986.

   Benita Hyman was charged with possession of cocaine with intent
   to deliver. Defendant moved to suppress the introduction at
   trial of physical evidence. The Recorder's Court of Detroit,
   Donald L. Hobson, J., granted the motion to suppress on the
   basis that the affidavit used to support the issuance of the
   search warrant used in connection with the seizure of the
   evidence had not been signed. The prosecution appealed.

   The Court of Appeals *held:*

   The rule that a search warrant based on an unsigned affida-
   vit is invalid and evidence seized pursuant to such a search
   warrant is inadmissible need not be prophylactically applied
   where it is established that there was an adequate basis for the
   issuance of the warrant. Accordingly, on remand the trial court
   shall conduct a hearing to determine whether an adequate
   basis existed for the issuance of the warrant.

   Reversed and remanded.

   J. R. Ernst, J., dissented. He would hold that the 1977
   decision of the Michigan Supreme Court which held that search
   warrants based on unsigned affidavits are invalid remains
   binding precedent until overruled by the Supreme Court. He
   would affirm.

Opinion of the Court

1. Searches and Seizures — Warrants — Affidavits.

   The prophylactic rule that a search warrant based upon an
   unsigned affidavit is invalid and evidence seized pursuant to

References

Am Jur 2d, Searches and Seizures §§ 60 *et seq.*

Admissibility in criminal case of evidence obtained by law enforce-
    ment officer relying reasonably and in good faith on defective
    warrant. 82 L Ed 2d 1054.

Noncompliance with requirements of Rule 41 of Federal Rules of
    Criminal Procedure as ground for exclusion, in federal prosecu-
    tion, of evidence procured under state search warrant. 25 ALR
    Fed 247.

such warrant is inadmissible should no longer be applied in cases where there was an adequate basis for issuance of the warrant.

DISSENT BY J. R. ERNST, J.

2. SEARCHES AND SEIZURES — WARRANTS — AFFIDAVITS.

The 1977 pronouncement by the Michigan Supreme Court that a search warrant based on an unsigned affidavit is invalid remains as binding precedent until overruled by the Supreme Court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, for the people.

*Craig A. Daly,* for defendant.

Before: M. J. KELLY, P.J., and J. H. GILLIS and J. R. ERNST,* JJ.

J. H. GILLIS, J. Defendant was charged with possession of more than 225, but less than 650, grams of cocaine with intent to deliver. MCL 333.7401(1), (2)(a)(ii); MSA 14.15(7401)(1), (2)(a)(ii). A motion to suppress the evidence was filed and an evidentiary hearing conducted thereon. During the course of that hearing, it was discovered that the affidavit offered to support the issuance of the search warrant had not been signed. As a result of this defect, the trial court granted the motion to suppress, relying upon *People v Goff,* 401 Mich 412; 258 NW2d 57 (1977). The prosecutor appeals from this ruling.

As noted by the prosecution, the issue presented here is identical to that considered by this Court in *People v Verneida Mitchell,* 142 Mich App 518; 370 NW2d 392 (1985), lv gtd 425 Mich 871 (1986). *Mitchell* contained the following observations of

* Circuit judge, sitting on the Court of Appeals by assignment.

the Supreme Court case relied upon by the trial court in granting the motion to suppress:

> In *Goff,* the Court articulated a technical, procedural requirement that the affidavit supporting a search warrant had to be signed by the affiant. But *Goff* was decided in 1977. We are inclined to believe that the purpose of the rule was primarily to impress upon police departments the necessity of careful, full compliance with the warrant requirements. In large part, that purpose has been served.
>
> Now, in 1985, it is clear that, in balancing competing interests, the United States Supreme Court in *Leon* [*United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984)], believes that bringing all admissible evidence before a jury or judge is paramount to "educating" police by throwing out evidence on what seems a hypertechnical basis. We do not believe the extremely prophylactic rule articulated by the Supreme Court in *Goff* was intended to be etched in stone for perpetuity.
>
> On the contrary, we believe the time has come for reconsideration and abandonment of a rule whose purpose has been served. To that end, we decline to hold invalid a warrant the affidavit for which was unsigned. Rather, we remand this case to the trial court for an evidentiary hearing to determine whether, in fact, there was an adequate basis for issuance of the search warrant. If there was, consistent with this opinion, the affidavit supporting the search warrant may be signed and sworn to *nunc pro tunc,* and all orders suppressing evidence on the basis that the affidavit was unsigned shall be reversed. [142 Mich App 521-522.]

We agree with the observations of the *Mitchell* Court and believe the same approach should be taken here. Therefore, we remand this case to the trial court for purposes of conducting a hearing to determine whether an adequate basis existed for the issuance of the warrant, and, if so, the affidavit

may be signed, as in *Mitchell,* and the suppression order reversed.

Reversed and remanded for proceedings not inconsistent with this opinion.

M. J. KELLY, P.J., concurred.

J. R. ERNST, J. *(dissenting).* Although fully agreeing with both the wisdom and the logic of the majority, I must respectfully dissent from that opinion and would affirm the decision of the trial court. In *People v Goff,* 401 Mich 412, 413-414; 258 NW2d 57 (1977), the Supreme Court unanimously held:

> We conclude, as a matter of policy, that a signature is needed. After November 30, 1977, an affidavit supporting a search warrant, issued pursuant to MCLA 780.651; MSA 28.1259(1), must be signed by the affiant. *A search warrant based on an unsigned affidavit will be invalid.* [Emphasis added.]

In the recent case of *People v Sherbine,* 421 Mich 502; 364 NW2d 658 (1984), our Supreme Court reaffirmed its overriding concern that search warrant affidavits conform to all specific statutory particulars, while disapproving the more subjective standard for review espoused by the United States Supreme Court in *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983).

The Supreme Court has granted leave to appeal in *People v Verneida Mitchell,* 142 Mich App 518; 370 NW2d 392 (1985), relied on by the majority. 425 Mich 871 (1986). Therefore a reexamination of the rule established in *People v Goff,* and the conflict raised between *Goff* and this Court's opinion in *Mitchell,* is underway. It is my view that until it is overturned by the Supreme Court, *Goff* stands as binding precedent in this case and the trial court should be affirmed.