PEOPLE v MITCHELL

Docket No. 76557. Argued March 3, 1987 (Calendar No. 1). Decided
    July 20, 1987.

Verneida Mitchell was charged in Detroit Recorder's Court with
    second-degree murder. The court, Michael F. Sapala, J.,
    granted the defendant's motion to suppress certain evidence
    seized pursuant to a search warrant, finding that the warrant
    was invalid because the affiant failed to sign the affidavit
    supporting the warrant. The Court of Appeals, BEASLEY, P.J.,
    and M. J. KELLY and WARSHAWSKY, JJ., reversed and remanded
    the case for an evidentiary hearing to determine whether there
    was an adequate basis for issuance of the warrant (Docket No.
    79822). In lieu of granting leave to appeal, the Supreme Court
    remanded the case to the trial court for an evidentiary hearing.
    424 Mich 879 (1986). On remand, the trial court found that the
    affidavit in support of the warrant was made under oath to a
    magistrate. The defendant appeals.

In an opinion by Justice CAVANAGH, joined by Chief Justice
    RILEY and Justices LEVIN, BRICKLEY, BOYLE, and ARCHER, the
    Supreme Court *held:*

A search warrant based upon an unsigned affidavit is pre-
    sumed invalid, but the presumption may be rebutted by a
    showing that the facts in the affidavit were presented under
    oath to the magistrate who authorized issuance of the warrant.

1. A search warrant must be based upon probable cause,
    supported by oath or affirmation to a magistrate. Generally, an
    affidavit in support of a search warrant should be signed by the
    affiant. This requirement is designed to guarantee that the
    information submitted to support a finding of probable cause is
    sworn to by the affiant. A search warrant should not necessar-
    ily be invalidated for failure of an affiant to sign the affidavit,
    however, where it can be shown that the facts in the affidavit

REFERENCES
Am Jur 2d, Affidavits §§ 1, 2, 8, 11, 12, 15-18, 27.
Am Jur 2d, Searches and Seizures §§ 60 *et seq.*
See the annotations in the Index to Annotations under Search and
    Seizure.

supporting issuance of the warrant were presented under oath to the magistrate who authorized the issuance of the warrant.

2. In this case, the trial court did not clearly err in finding that the affidavit was made on oath to a magistrate. Therefore, the search warrant was valid, and the evidence seized pursuant to the warrant should have been admitted.

Affirmed.

Justice GRIFFIN concurred in the result only.

142 Mich App 518; 370 NW2d 392 (1985) affirmed.

SEARCHES AND SEIZURES — WARRANTS — FAILURE TO SIGN AFFIDAVIT.

A search warrant based upon an unsigned affidavit is presumed invalid, but the presumption may be rebutted by a showing that the facts in the affidavit supporting issuance of the warrant were made on oath to the magistrate who authorized issuance of the warrant (US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651; MSA 28.1259[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief, Criminal Division, Research, Training and Appeals, for the people.

*Thomas M. Loeb* for the defendant.

CAVANAGH, J.

### INTRODUCTION

In this case we are asked to revisit our decision in *People v Goff,* 401 Mich 412; 258 NW2d 57 (1977), which held that a search warrant based upon an unsigned affidavit is invalid. We hold that our decision in *Goff* is based upon sound public policy and reaffirm that an affidavit in support of a search warrant should be signed by the affiant. However, a search warrant is not necessarily invalid for want of the affiant's signature. A search warrant based on an unsigned affidavit will be presumed to be invalid, but this presumption of

invalidity may be rebutted by a showing that the facts in the affidavit were presented under oath to the magistrate who authorized the issuance of the search warrant.

### I. FACTS

Verneida Mitchell was charged with the second-degree murder[1] of Richard Williams. A warrant to search defendant's house was secured by Sergeant Lloyd Clemons of the Detroit Police Department. A subsequent search revealed evidence indicating that the murder took place in defendant's home.

Defendant moved to suppress the evidence, contending that the search warrant was invalid under *Goff* because the affiant, Sergeant Lloyd Clemons, did not sign the affidavit that supported issuance of the search warrant. The trial court, relying on *Goff,* granted defendant's motion to suppress the evidence.

The Court of Appeals granted the prosecutor's application for leave to appeal, reversed the decision of the trial court, and remanded the case to the trial court for an evidentiary hearing to determine whether there was an adequate basis for issuance of the search warrant.[2]

In lieu of granting leave to appeal, we remanded this case to the Detroit Recorder's Court for an evidentiary hearing to determine whether the affidavit in support of the search warrant was made on oath to a magistrate. We retained jurisdiction.[3]

At the hearing held in Detroit Recorder's Court, Sergeant Lloyd Clemons testified that he was the investigator in charge of this case and the affiant on the warrant to search defendant's home. He

[1] MCL 750.317; MSA 28.549.

[2] *People v Mitchell,* 142 Mich App 518, 522; 370 NW2d 392 (1985).

[3] *People v Mitchell,* 424 Mich 879, 880; 381 NW2d 708 (1986).

further testified that on March 11, 1983, after preparing the search warrant and affidavit, he took the documents to Judge George Crockett, III, of the Detroit Recorder's Court. He met Judge Crockett on the first floor of the Frank Murphy Hall of Justice and presented the search warrant to him. Judge Crockett administered an oath to Sergeant Clemons, having him attest to the information submitted in support of the search warrant.

Judge Crockett testified at the hearing that on March 11, 1983, he was assigned magistrate duties in Detroit Recorder's Court. These duties required him to authorize search warrants. He testified that the signature on the warrant that authorized the search of defendant's home was his, but that he had no independent recollection of authorizing that specific search warrant. He testified that it was his habit, from which he never deviated, to have the affiant attest to the facts supporting the search warrant prior to authorizing it.

The trial court found that the affidavit in support of the search warrant was made under oath to a magistrate.

We granted defendant's application for leave to appeal.[4]

## II. DISCUSSION

The United States and Michigan Constitutions require search warrants to be based upon probable cause, supported by oath or affirmation. US Const, Am IV; Const 1963, art 1, § 11. The Legislature has enacted MCL 780.651; MSA 28.1259(1) to implement this constitutional mandate. This statute provides:

---

[4] *People v Mitchell*, 425 Mich 871 (1986).

> When an affidavit is made on oath to a magistrate authorized to issue warrants in criminal cases and when the affidavit establishes the grounds for issuing a warrant pursuant to this act, the magistrate, if he is satisfied that there is reasonable or probable cause therefor, shall issue a warrant to search the house, building or other location or place where the property or thing which is to be searched for and seized is situated.

The statute requires that an affidavit be made on oath to a magistrate. In *Goff, supra,* while recognizing that neither the statute nor Michigan case law explicitly requires the affiant's signature on the affidavit, we held that an affidavit in support of a search warrant must be signed by the affiant, or the search warrant is invalid. We rested our decision on policy grounds.[5] *Goff, supra,* 413-414.

However, rather than invalidating the search warrant in *Goff,* we remanded that case to the Recorder's Court for further proceedings to determine whether the affidavit was made on oath to a magistrate. *Goff, supra,* 414. Our holding, invalidating search warrants based on unsigned affidavits, was limited to search warrants issued after the date of that opinion. *Goff, supra,* 413-414.

We are now persuaded that a search warrant should not necessarily be invalidated by the failure of the affiant to affix his signature to the affidavit. The Michigan and United States Constitutions require that search warrants must be supported by oath *or* affirmation. MCL 780.651; MSA

---

[5] Assuring that affidavits are sworn and that police departments carefully comply with warrant requirements, as well as considerations of the efficient administration of justice, supports requiring an affiant to sign the affidavit. An unsigned affidavit wastes scarce judicial resources by requiring an evidentiary hearing on the question whether the affidavit was made on oath to a magistrate. These considerations apply with equal force now as they did then.

28.1259(1), quoted above, requires the affidavit to be made on oath to a magistrate. The requirement of an oath or affirmation is designed to guarantee that the information submitted to support a finding of probable cause to issue a search warrant is sworn to by the affiant.[6] An affidavit given under oath assures that the information submitted in support of the search warrant is sworn to by the affiant. Therefore, we hold that a search warrant based upon an unsigned affidavit is presumed invalid, and any evidence seized pursuant to that search warrant must be excluded. However, the prosecution may rebut this presumption of invalidity by a showing that the affidavit was made on oath to a magistrate.

In this case, the trial court, after an evidentiary hearing, found that the affidavit was made on oath to a magistrate. Findings of fact by a trial court will not be set aside on appeal unless clearly erroneous. MCR 2.613(C). We do not find that the trial court was clearly erroneous in finding that the affidavit was made on oath to a magistrate. Therefore, the search warrant was valid, and the evidence seized pursuant to the warrant is admissible in defendant's trial. The trial court's order suppressing the evidence seized pursuant to the search warrant is reversed.

Although the Court of Appeals panel in this case correctly anticipated our holding, we disapprove of the manner in which the panel indicated its disagreement with *Goff*. An elemental tenet of our jurisprudence, stare decisis, provides that a decision of the majority of justices of this Court is binding upon lower courts. See *Negri v Slotkin*, 397 Mich 105, 107; 244 NW2d 98 (1976). *Goff* was a per curiam opinion signed by all the members of

---

[6] 1 LaFave & Israel, Criminal Procedure, § 3.4(c), pp 221-222.

this Court and, therefore, binding upon the Court of Appeals. While the Court of Appeals may properly express its belief that *Goff* was wrongly decided, or no longer viable, its disagreement with that decision did not excuse its failure to apply *Goff* to the facts of this case.

RILEY, C.J., and LEVIN, BRICKLEY, BOYLE, and ARCHER, JJ., concurred with CAVANAGH, J.

GRIFFIN, J. I concur in the result.