TURUNEN v PROKSCH CONSTRUCTION COMPANY, INC

Docket No. 107669. Submitted May 11, 1989, at Grand Rapids. Decided October 17, 1989. Leave to appeal applied for.

The State of Michigan in a 1950 tax sale conveyed a parcel of land in Baraga County to William Klemett, but reserved in favor of the state all mineral, coal, oil and gas rights and the rights of ingress and egress to remove the same. After a series of conveyances, Mr. and Mrs. Andrew Wisti came to be the record owners of the parcel. Under a license granted by the Wistis and with payment of royalties to the State of Michigan, Andrew Turunen operated a limestone quarry on the parcel. In 1987 the Department of Natural Resources awarded Proksch Construction Company a lease for the nonmetallic mineral rights to the parcel. Turunen, to whom the Wistis had assigned their rights to the parcel, subsequently initiated an action in the Baraga Circuit Court against Proksch and the DNR, seeking a determination of the ownership of the mining rights to the parcel. The trial court, Stephen D. Condon, J., granted summary disposition in favor of the DNR as to all claims raised by plaintiff against the DNR. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in concluding that the state had reserved all mineral rights, including nonmetallic minerals, to the parcel in its 1950 conveyance to Klemett. MCL 322.212; MSA 13.441, prior to an amendment effective in 1964 and not applicable in this case, provided that the state's authority to retain mineral rights to lands it conveyed included the rights to nonmetallic minerals such as limestone, sand, and gravel.

2. Plaintiff pled a claim for ejectment comporting with the requirements of MCR 3.441. The trial court erred in dismissing the claim for ejectment on the basis that it was not properly pled.

3. Priority in the purchase of mineral rights retained by the state given to the landowner pursuant to MCL 322.212; MSA

REFERENCES

Am Jur 2d, Mines and Minerals § 23.
See the Index to Annotations under Mines and Minerals; Preferences and Priorities; Public Lands and Property.

13.441 applies only where the state seeks to sell such rights and does not apply where such rights are leased as in this case. Plaintiff therefore cannot claim priority under the statute.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. Mines and Minerals — Reservation of Rights — Mineral Rights — Public Lands.

The State of Michigan, where it conveyed real property but retained all mineral rights to the property under a deed recorded before May 16, 1964, has, pursuant to statute, also reserved the rights to nonmetallic minerals such as limestone, sand and gravel (1964 PA 125, MCL 322.212; MSA 13.441).

2. Mines and Minerals — Reservation of Rights — Mineral Rights — Public Lands — Priority Given to Landowner.

Priority in the purchase of mineral rights retained by the State of Michigan to real property it had otherwise conveyed is, by statute, given to the record owner of the property; however, no such priority is given where the state merely seeks to grant a lease of its rights (MCL 322.212; MSA 13.441).

*Wisti & Jaaskelainen, P.C.* (by *Andrew H. Wisti*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Kevin T. Smith,* Assistant Attorney General, for the Department of Natural Resources.

Before: Holbrook, Jr., P.J., and Sawyer and Neff, JJ.

Per Curiam. Plaintiff Ruben Turunen appeals from an order of the circuit court granting summary disposition in favor of defendant Department of Natural Resources pursuant to MCR 2.116(C)(8) and (10) on plaintiff's claims against the Department of Natural Resources. The order was certified as a final order pursuant to MCR 2.604(A). We affirm in part and reverse in part.

This appeal concerns the ownership of certain mining rights to a parcel of land located in Baraga

County in the Upper Peninsula. The State of Michigan conveyed this parcel in a tax sale to William Klemett on January 3, 1950, with the deed being recorded on January 24, 1950. The deed contained a reservation in favor of the State of Michigan of all the mineral, coal, oil and gas rights, together with rights of ingress and egress to remove the same.

After a series of conveyances, Mr. and Mrs. Andrew Wisti became the record owners of the parcel in question and currently own the parcel. Additionally, Mr. Wisti is counsel for plaintiff. The Wistis executed a license to plaintiff to operate a limestone quarry on the parcel some years ago. The Wistis have assigned their rights in the instant case to plaintiff. Apparently plaintiff has been for some time paying royalties for the quarried limestone to the State of Michigan.

During 1986, the Department of Natural Resources advertised for bids for the mineral lease rights of the parcel. Defendant Proksch Construction Company was the successful bidder and was awarded the lease for nonmetallic mineral rights on January 1, 1987.

Plaintiff had been quarrying limestone from the parcel for some time and selling that limestone to area farmers and the White Pine Copper Company. After filing the original complaint in this action, plaintiff was approached by White Pine to enter into a three-year contract to supply them with limestone. However, White Pine refused to enter into the contract until it had assurances that defendant Proksch had no interest in the limestone under the awarded lease. Plaintiff then entered into a contract with defendant Proksch whereby plaintiff would buy defendant's interest in the lease awarded by the state. However, on July 24, 1987, the department advised plaintiff that it

would not approve the assignment of the lease from Proksch to plaintiff. This refusal has allegedly cost plaintiff considerable damages in lost profits and expenses incurred in the operation of the quarrying business.

Plaintiff first argues that the trial court erred in concluding that there was no genuine issue of material fact that the state had reserved all mineral rights, including nonmetallic minerals, to the property in its 1950 conveyance to Klemett. We disagree. The state's authority to retain mineral rights to lands it conveys is set forth in MCL 322.212; MSA 13.441. The Supreme Court interpreted that statute in *Matthews v Dep't of Conservation,* 355 Mich 589; 96 NW2d 160 (1959), as including the rights to nonmetallic minerals such as limestone, sand, and gravel, and not restricting their power only to metallic mineral rights. *Id.* at 594-595.

We believe that the Supreme Court's decision in *Matthews* controls the case at bar. Plaintiff does set forth a rather lengthy argument why limestone should not be considered a "mineral" under the meaning of the statute and within the meaning of the reservation of mineral rights in the 1950 deed, including a reference to the Legislature's 1964 amendment to the statute which specifically excluded sand, gravel, clay or other nonmetallic minerals from the meaning of mineral rights. See 1964 PA 125. However, the fact remains that the state conveyed the property to Klemett prior to the enactment of the 1964 amendment. Therefore, the *Matthews* decision concerning the interpretation of the statute as it existed in the 1950s is controlling.

Plaintiff argues that the 1964 amendment reflects a legislative intent not to merely limit the state's retention of mineral rights after the effec-

tive date of that amendment but also was an indication that the Legislature believed that the Supreme Court misinterpreted the statute in *Matthews*; while this argument may have some merit, it is for the Supreme Court to make that determination and not this Court. Even if this Court believes that a prior decision of the Supreme Court was wrongly decided or is no longer viable, we are obligated to continue to apply that decision until the Supreme Court overrules itself. *People v Mitchell,* 428 Mich 364, 369-370; 408 NW2d 798 (1987). Thus, until the Supreme Court does overrule *Matthews, supra,* we are obliged to apply it to all cases in which the state conveyed property while retaining mineral rights prior to May 16, 1964, the effective date of the 1964 amendment.

Next, plaintiff argues that the trial court erred in dismissing his action for ejectment on the basis that that claim had not been properly pled in compliance with MCR 3.411. Defendant responds by arguing that the trial court correctly dismissed the claim as being improperly pled and that, in any event, plaintiff was permitted to file amended complaints which pled ejectment, with those complaints being held in abeyance pending this Court's ruling on the dismissal of the original complaint. While we offer no opinion on the viability of plaintiff's ejectment claim, particularly in light of our ruling on the preceding issue, since this appeal comes to us by way of a partial summary disposition and there remains an action pending in the trial court which will proceed after the disposition of this appeal, we will rule on the matter. Specifically, we agree with plaintiff that he properly pled an action under MCR 3.411. Accordingly, we hold that the trial court erred in ruling that plaintiff's original pleadings were deficient in this regard. However, if plaintiff has improved his

pleadings by way of an amended complaint, that will presumably assist the trial court in handling the remaining matters.

Finally, plaintiff argues that, even if the state could reserve nonmetallic mineral rights, plaintiff should have been given priority in the purchase of those rights pursuant to MCL 322.212; MSA 13.441. That statute provides in pertinent part that the owner of land shall be given priority in the event that the state authorizes the sale of the mineral rights. Plaintiff's argument must fail, however, because the instant case does not involve the sale of mineral rights, but the lease of those rights. Since it was a lease and not a sale, the priority provision of the statute is inapplicable. See *Krench v Michigan,* 277 Mich 168; 269 NW 131 (1936).

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.