*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CURTIS DICKERSON,

        Defendant-Appellant.

UNPUBLISHED
August 29, 2024

No. 367047
Wayne Circuit Court
LC No. 14-006051-01-FC

Before: MURRAY, P.J., and BORRELLO and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right his resentencing with respect to his jury-trial convictions of kidnapping, MCL 750.349(1)(c); assault with a dangerous weapon (felonious assault), MCL 750.82; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent terms of 90 months' to 15 years' imprisonment for kidnapping, two to four years' imprisonment for felonious assault, and two to five years' imprisonment for felon-in-possession, all of which were to be served consecutively to a term of two years' imprisonment for felony-firearm. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case has a lengthy appellate procedural history, which includes two prior opinions from this Court. As summarized in the first of those opinions:

> Defendant's convictions arise out of an incident that took place in defendant's home in July 2014. Two women, Kiarra Collins and Jasmine Barnett, visited defendant's home, an upper-level unit in a duplex. The evening was seemingly uneventful until the women decided to leave defendant's home. After calling a friend for a ride, the two women found the door on the home locked. When they asked defendant to unlock the door, defendant began "flipping out," grabbed a gun, and fired several gunshots off the "top porch" of the home. Defendant then slapped Collins, took her into a separate, locked room, and allegedly sexually assaulted her. Afterward, defendant unlocked the door and agreed to let the women

-1-

leave. [*People v Dickerson*, unpublished per curiam opinion of the Court of Appeals, issued May 5, 2016 (Docket No. 324993) (*Dickerson I*), p 1.]

On the basis of those facts, defendant was convicted of the crimes stated previously. He was acquitted of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) and (e). *Id*. at 1. In his original appeal, defendant raised various challenges to his convictions and to the scoring of certain offense variables (OVs) for his sentence. As is relevant to this appeal, he challenged his kidnapping conviction on the basis that it was inconsistent with the CSC-I acquittals and was not supported by sufficient evidence. In particular, defendant argued "that a new trial [was] required because the jury rendered inconsistent verdicts by acquitting him of the CSC charges but convicting him of kidnapping, which was premised on his unlawful restraint of Collins 'with the intent to engage in criminal sexual penetration or criminal sexual contact.' " *Id*. at 4, quoting MCL 750.349(1)(c). This Court disagreed and affirmed all of his convictions. *Dickerson I*, unpub op at 4, 8.

This Court, however, "remand[ed] this matter . . . for further proceedings as it relate[d] to defendant's sentence in light of the *Lockridge*[1] decision." *Id*. at 8. Because of the need for a remand, this Court did not substantively consider any of defendant's OV challenges. *Id*. On remand, the trial court decided not to resentence defendant in light of *Lockridge* and, due to some procedural errors not relevant to this appeal, that decision was not substantively considered by this Court until 2021. See *People v Dickerson*, unpublished order of the Court of Appeals, entered March 27, 2018 (Docket No. 340883) (*Dickerson II*); *People v Dickerson*, unpublished order of the Court of Appeals, entered June 21, 2018 (Docket No. 344199) (*Dickerson III*); *People v Dickerson*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2021 (Docket No. 354208) (*Dickerson IV*), p 1.

By then, our Supreme Court had decided *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019), which, defendant argued, made clear that the trial court erred by assessing 50 points for OV 11 because, in so doing, the court improperly relied on the CSC-I conduct of which he was acquitted.[2] *Dickerson IV*, unpub op at 1, 3. This Court agreed, vacated defendant's sentence, and remanded for resentencing without the 50 points assessed for OV 11. *Id*. at 3-4, 6. After additional procedural delays not relevant to this appeal, the trial court ultimately resentenced defendant as summarized previously. This appeal followed.

## II. DISCUSSION

---

[1] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[2] As this Court explained, "OV 11 addresses criminal sexual penetration. MCL 777.41(1). OV 11 is properly assessed 50 points when 'two or more criminal sexual penetrations occurred.' MCL 777.41(1)(a)." *Dickerson IV*, unpub op at 4.

Defendant argues the trial court erred and violated his due-process rights by sentencing him for kidnapping.[3]  We disagree.

## A.  PRESERVATION AND STANDARD OF REVIEW

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." *People v Burkett*, 337 Mich App 631, 643; 976 NW2d 864 (2021) (quotation marks and citation omitted).  Before and during the resentencing hearings, defendant raised a host of issues regarding his OV scoring.  He did not, however, claim that any sentence at all for kidnapping would be a violation of his due-process rights contrary to *Beck*.  Nor has he argued that in a motion for resentencing or in a motion to remand filed with this Court.  As a result, his argument in this appeal is unpreserved.  See *id*.

> This Court generally reviews constitutional questions de novo.  However, we review unpreserved constitutional issues for plain error affecting substantial rights.  To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights.  An error affects substantial rights when it impacts the outcome of the lower-court proceedings.  Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence.  [*Id.* at 635 (quotation marks and citations omitted).]

## B.  LAW AND ANALYSIS

Although defendant's exact argument is somewhat difficult to parse, it appears he is arguing that being sentenced at all for kidnapping when he was acquitted of the three CSC-I charges brought against him violated his due-process rights under *Beck*.  This Court, in *People v*

---

[3] The prosecution argues that defendant's entire appeal must be dismissed because it is outside of the scope of this Court's remand in *Dickerson IV*.  In that opinion, this Court stated that it was "vacat[ing] defendant's sentence and remand[ing] to the trial court for resentencing." *Dickerson IV*, unpub op at 6.  We agree that, to the extent defendant is challenging his kidnapping conviction, his argument must fail for any or all of the following reasons: it is outside of the scope of the remand, see *People v Lampe*, 327 Mich App 104, 111-112; 933 NW2d 314 (2019); it is barred by the law-of-the-case doctrine in light of this Court's decision in *Dickerson I*, see *People v Hawkins*, 340 Mich App 155, 191; 985 NW2d 853 (2022); and it improperly urges us to revisit precedent of our Supreme Court, which we have no authority to do, see *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987).  Because we read defendant's arguments on appeal to also comprise a challenge to his kidnapping sentence, however, we disagree that defendant's entire appeal must be dismissed as beyond the scope of this Court's prior remand.

*Motten*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363044); slip op at 3, recently summarized the factual background of *Beck* as follows:

> [T]he defendant in *Beck* was convicted by a jury of felon-in-possession and felony-firearm, but was acquitted of a murder count, among other charges. *Beck*, 504 Mich at 610. But, the trial court, in *Beck*, substantially departed from the recommended sentencing guidelines range of 22 to 76 months' imprisonment by sentencing the defendant to 240 to 400 months' imprisonment. *Id.* The trial court's primary reason for doing so was its finding, by a preponderance of the evidence, that the defendant committed the murder, despite the jury's acquittal. *Id.* at 610-612. On appeal, our Supreme Court considered whether, after a defendant was acquitted of a charge, a trial court may "take the same alleged crime into consideration when sentencing the defendant for *another* crime of which the defendant was convicted[.]" *Id.* at 608-609.

Our Supreme Court vacated the defendant's sentence in *Beck* and remanded for resentencing, holding that "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Beck*, 504 Mich at 629. The Court explained, "Once acquitted of a crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id.* at 609.

In the present case, defendant was tried, in relevant part, on three counts of CSC-I and one count of kidnapping. The kidnapping charge required proof that defendant restrained another person "with the intent to . . . [e]ngage in criminal sexual penetration or criminal sexual contact prohibited under [MCL 750.520a *et seq.*] with that person." MCL 750.349(1)(c). The prosecution alleged that defendant had restrained Collins in a room and then sexually penetrated her, which gave rise to both the kidnapping charge and the CSC-I charges. The jury convicted defendant of kidnapping but acquitted him of the CSC-I charges. According to defendant, this must mean the jury did not believe beyond a reasonable doubt that he committed all of the elements of his kidnapping conviction, given the CSC-related component of that offense. Therefore, defendant reasons, sentencing him on the kidnapping conviction amounted to sentencing him as if he committed the CSC-I offenses for which he was acquitted, which violated his due-process rights as recognized by our Supreme Court in *Beck*.

Defendant's argument misses the mark. To start simply, defendant was convicted of kidnapping. This means the jury concluded beyond a reasonable doubt that defendant committed kidnapping as charged, a conclusion this Court affirmed in *Dickerson I*. Defendant was acquitted of the CSC-I charges, which, under *Beck*, 504 Mich at 609, means that, when he was sentenced for kidnapping, he could not be sentenced as if he had actually committed the charged CSC-I offenses. Correspondingly, as required by this Court in *Dickerson IV*, defendant was resentenced to eliminate the trial court's reliance on the CSC-I conduct for which he was acquitted when scoring OV 11.

In pushing for further sentencing relief—namely, the elimination of any sentence at all for the kidnapping conviction—defendant argues that the trial court could not have imposed any sentence for kidnapping without necessarily relying on conduct of which he was acquitted. This argument presumes the acquittals of CSC-I must mean the jury decided he did not intend to

sexually assault Collins when he restrained her. But that is not apparent from the jury's verdict; the fact that the jury may have found the proofs inadequate to show that defendant committed CSC-I does not mean that it must have also concluded that he lacked any intent to do so when he restrained Collins. And regardless, as this Court and our Supreme Court have explained when addressing inconsistent verdicts, it may also be that the jury concluded that defendant committed all of the charged crimes but decided, for whatever reason it saw fit, to be lenient by acquitting him of the CSC-I offenses. See *People v Speed*, 331 Mich App 328, 340; 952 NW2d 550 (2020), quoting *People v Lewis*, 415 Mich 443, 450; 330 NW2d 16 (1982) (" '[A] jury's acquittal on one charge in a multi-count indictment signals no more than the jurors' agreement not to convict on that charge for whatever reason satisfactory to them.' ").

Accordingly, the premise of defendant's argument—that the jury necessarily concluded that he did not intend to sexually assault Collins when he restrained her—is unfounded. See *People v Stokes*, 333 Mich App 304, 312; 963 NW2d 643 (2020) (explaining that, "[i]n the absence of evidence presented by a defendant demonstrating that a sentencing court actually relied on acquitted conduct when sentencing the defendant, the defendant is not entitled to resentencing"). The jurors acquitted defendant of the CSC-I charges "for whatever reason satisfactory to them," *Lewis*, 415 Mich at 450, and we cannot conclude that the trial court, simply by imposing a sentence for the jury's kidnapping conviction in this case, sentenced defendant as if he committed the very same CSC-I offenses for which he was acquitted, see *Beck*, 504 Mich at 609. Consequently, defendant has not shown that the trial court's decision to sentence him for that conviction constituted error, let alone plain error warranting relief. See *Burkett*, 337 Mich App at 635.

Affirmed.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Philip P. Mariani

-5-