**Commonwealth, Appellant, *v.* McAfee.**
**Commonwealth, Appellant, *v.* Strong.**

Argued June 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William Kieser*, Assistant District Attorney, with him *Allen E. Ertel*, District Attorney, for Commonwealth, appellant.

*Peter Campana*, with him *John P. Campana*, for appellees.

OPINION BY JACOBS, J., September 23, 1974:

In these cases the Commonwealth is appealing from the order of the lower court suppressing evidence seized pursuant to the execution of a search warrant. The warrant itself was regular in form, but the affidavit supporting it was not signed by the magistrate issuing the warrant nor was his seal placed on it. We find that this defect is fatal to the warrant and therefore affirm the court below.

The record of the suppression hearing reveals that on May 11, 1973, Officer Lampman applied to a District Justice for a search warrant. An affidavit was made out stating probable cause for the search and was signed and orally sworn to by the officer. The District Justice, however, failed to note the swearing on the affidavit or sign the same or place his seal thereon. The search warrant itself was properly signed by the magistrate and imprinted with his seal. Assuming that the officer was indeed properly sworn and the magistrate merely neglected to note the fact on the face of the warrant affidavit through inadvertence, the question is whether a warrant can be supported by an orally administered, but unrecorded, oath.

Article I, §8 of the Pennsylvania Constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." The rule articulated in the decisions interpreting this clause has been that verbal evidence of sworn statements made to the magistrate but not reduced to writing can be considered to support a finding of probable cause and therefore supplement an affidavit insufficient on its face. See *Commonwealth v. Crawley,* 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966). In *Commonwealth v. Milliken,* 450 Pa. 310, 300 A. 2d 78 (1973), the Supreme Court recognized the existing rule permitting sworn oral testimony to supplement an affidavit. However, the Court found that it was more desirable to have such testimony reduced to a writing made contemporaneously with the issuance of a search warrant and stated its intent to formulate a rule of court to that effect. Subsequently Pa. R. Crim. P. 2003 was adopted making evidence of

probable cause other than that contained in the affidavit inadmissible in a suppression hearing. The rule is applied prospectively only.

In the present case, the warrant was issued on May 11, 1973 before the effective date of Rule 2003 and therefore the law as it existed prior to the rule is controlling. However, even though the earlier decisions permitted oral testimony of probable cause to supplement an insufficient affidavit, it has never been the law that anything less than a written oath or affirmation is acceptable under the Pennsylvania Constitution. See *Commonwealth v. Crawley,* supra. The provision in the constitution that the warrant be "supported by oath or affirmation subscribed to by the affiant" implies that there be some written record of the fact that the affiant was in fact sworn to which he can subscribe. Mere oral testimony that the affidavit upon which the warrant issued was made under oath would not comply with this clause. Any other interpretation would render the constitutionally provided safeguard meaningless.

Order affirmed.

PRICE, J., dissents.

---

CONCURRING OPINION BY VAN DER VOORT, J. :

In this case a state trooper in securing a search warrant subscribed to the affidavit supporting the warrant and swore to its contents; however, the District Justice of the Peace neglected to complete the jurat by affixing his signature and his official seal. The search warrant was issued, and the evidence which was seized was, upon application and after hearing, suppressed. I concur in the affirmance of this action solely because there is nothing in the record indicating that the attorney for the Commonwealth made any effort to amend the affidavit made in support of the search warrant by having the District Justice complete the jurat.