Commonwealth *v.* Williams et al., Appellants.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Jean B. Green, Donald J. Martin, and Waters, Fleer, Cooper & Gallager, for appellants.

James F. Marsh, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 1, 1975:

On September 5, 1974, two search warrants were issued for the search of appellants' home and for the search of the grounds surrounding their home. Pursuant to these warrants, evidence was seized which the Commonwealth proposed to introduce at the trial of appellants. An application to suppress the evidence was filed, and on January 10, 1975, a suppression hearing was held. The Commonwealth agreed with appellants' contention that the warrants were defective; and, consequently, the fruits of the search were inadmissible. Nevertheless the lower court denied the motion to suppress. Appellants then petitioned this court for allowance of an appeal from the interlocutory order pursuant to Section 501(b) of the Appellate Court Jurisdiction Act.[1] Such petition was granted and a supersedeas was issued staying the proceedings in the court below.

Appellants contend here, as they did in the court below, that the warrants in question were defective because the supporting affidavits contained no jurat, seal or signature of the issuing authority. Appellants do not claim that the officer was not properly sworn,[2] but simply argue that the failure of the magistrate to note such swearing on the affidavit caused the warrant to be defective. In light of our recent decision in Commonwealth v. McAfee, 230 Pa. Superior Ct. 336 (1974) we must agree.

---

1. Act of July 31, 1970, P.L. 673, No. 223, art. V, §501, 17 P.S. §211.501(b) (Supp. 75-76).

2. At the January 10, 1975, suppression hearing the officer testified that he was in fact properly sworn; however, this testimony is of no consequence in light of Pa. R. Crim. P. 2003(b).

In *McAfee*, it was assumed that the officer was properly sworn and that, as here, the magistrate merely neglected to note that fact on the face of the warrant's affidavit through inadvertence. This inadvertence was held to render the warrant defective. There are no facts or circumstances in the instant case which would call for a different result.

Since the Commonwealth states that, in the absence of the evidence obtained pursuant to the warrants in question, it would be unable to proceed with its case, the appellants must be discharged.

Order of the lower court reversed and appellants discharged.

PRICE, J., dissents.