**Commonwealth v. Loretto**

*Joseph P. Cronin, Jr., Assistant District Attorney,* for Commonwealth.
*Francis R. Lord,* for defendant.

REED, JR., *J.,* May 17, 1978 — Defendant, Paul George Loretto, Jr., was tried and convicted of (1) possession of cocaine and marijuana and (2) of possession with intent to deliver, both violations of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233. Defendant filed motions for new trial and in arrest of judgment.

Defendant contends that the court erred in not granting his pre-trial motion to suppress all evidence and that (1) the affidavit submitted by Trooper Thomas L. Stern of the Pennsylvania State Police to District Justice Kenneth N. Miller was not legally sufficient, on its face, to issue a nighttime search warrant, and that (2) the warrant, on its face, reflects that it "shall be served only during daytime hours of 6:00 a.m. to 10:00 p.m." The search was conducted at 11:15 p.m.

Based upon information received from a police informant, and independent surveillance of defendant's residence, Trooper Thomas L. Stern, a member of the Pennsylvania State Police Narcotic Strike Force, applied for the issuance of a search warrant of defendant's premises.

The affidavit which was presented to District Justice Kenneth N. Miller stated Trooper Stern's belief and information for requesting that a search warrant be issued. Trooper Stern affirmed that he had information that a suspect was present in defendant's home and that he was to deliver five pounds of marijuana to the police informant.

Trooper Stern observed the suspect leaving defendant's home. The suspect was later arrested with approximately five pounds of marijuana. Trooper Stern then requested in his affidavit that a nighttime search warrant be issued, based upon the fear that if defendant found out that the suspect had been arrested before a search could be conducted, evidence might be destroyed.

All this information was presented on February 10, 1977, at approximately 10:55 p.m. to District Justice Miller, who in turn executed a search warrant. The search warrant was then duly served at 11:15 p.m. on the same day, at the residence of defendant, Paul George Loretto, Jr., 459 Bethel Road, Boothwyn, Pa. As a result of the search, certain suspected amounts of marijuana, cocaine, and other "controlled substances" were seized and defendant was arrested for violation of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. §780-101.

Following his arrest, defendant filed pre-trial motions to suppress all evidence which had been seized in the arrest pursuant to the warrant. On April 27, 1977, a suppression hearing was held and order entered dismissing defendant's petition.

Subsequently, defendant was tried without a jury before Reed, Jr., *J.*, and on June 21, 1977, found guilty on both charges. He thereupon filed these motions attacking the order denying suppression of evidence only.

## I. REASONABLE CAUSE WAS SHOWN FOR THE ISSUANCE OF A NIGHTTIME SEARCH WARRANT

Pennsylvania Rule of Criminal Procedure 2003(c) provides: "No search warrant shall autho-

rize a nighttime search *unless the affidavits show reasonable cause for such nighttime search."* (Emphasis supplied.)

The comment to this rule sets forth the underlying rationale for it. "(c) This section imposes a new requirement in Pennsylvania practice. The requirement of a showing of reasonable cause for a nighttime search highlights the traditional doctrine that nighttime intrusion into a citizen's privacy *requires greater justification* then an intrusion during normal business hours." (Emphasis supplied.)

Briefly the affidavit sets forth that the police on the evening of February 10, 1977, arrested a man who was seen leaving defendant's premises with a box and bag containing a total of five pounds of marijuana. Further, the police had information that defendant's residence had quantities of both cocaine and marijuana.

With this background, the police requested a nighttime warrant because they believed the fact of this arrest might reach defendant's ears and he would destroy any drugs on his premises.

Applying a common sense approach this, in our judgment, constituted sufficient reason to justify a nighttime search, namely a search as soon as possible on the evening of February 10 or early morning of February 11.

## II. THE WARRANT ISSUED WAS DEFECTIVE

While reasonable cause existed in the affidavit for a nighttime search warrant, District Justice Miller in turn issued the following warrant: "This Warrant should be served as soon as practicable but in no event later than 6:00 ____A.M. ____P.M. ____, 19____ and shall be served only *during daytime*

*hours of 6:00 A.M. to 10:00 P.M.*" (Emphasis supplied.) Nowhere on the face of this warrant can we now find that the district justice indicated that he intended to issue a warrant allowing service after 10:00 p.m. On the contrary, he clearly issued a daytime warrant.

Pennsylvania Rule of Criminal Procedure 2006 states: "(if issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavits and wishes to issue a nighttime search warrant, *this following separate section must be additionally completed:*)" (Emphasis supplied.)

The additional separate section for nighttime search warrants was not completed on the warrant. It was left completely blank. We are unable to find that this failure to properly execute the warrant constituted a correctable minor typographical error covered under Com. v. Chinea, 246 Pa. Superior Ct. 494, 371 A. 2d 944 (1977). The failure of the district justice to sign, seal and date the nighttime search warrant section leads to the conclusion that no such search was authorized. In this situation this constituted a fatal defect.

Therefore, we have a warrant issued at 10:55 p.m. for a daytime search, which however was served at 11:15 p.m. on the night it was issued. The warrant then is either a defective nighttime search warrant properly served, or a daytime search warrant improperly served. Either way, the defect is fatal and all evidence obtained should have been suppressed.

We cannot, after the fact, superimpose our judgment to decide what should have been issued. We review the district justice's actions: Com. v.

McAfee, 230 Pa. Superior Ct. 336, 326 A. 2d 522 (1974), and Com. v. Williams, 237 Pa. Superior Ct. 324, 352 A. 2d 67 (1975). The warrant was defective in the hands of the trooper, and we cannot regrettably on these facts reach a different result.

Defendant has neither argued or briefed the remaining issues of his motion for new trial; they are therefore deemed waived.

In light of the foregoing, we find merit in defendant's motions. Therefore, we will enter an order granting defendant, Paul George Loretto, Jr.'s motion for new trial.

## ORDER

And now, May 17, 1978, upon review of briefs submitted, it is hereby ordered and decreed that defendant, Paul George Loretto, Jr.'s motion for new trial be and the same is hereby granted and all evidence obtained as a result of the defective warrant is hereby suppressed.