585 A.2d 1065

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Marco PETICCA, III, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1990.

Filed Jan. 29, 1991.

Michael P. Dignazio, Media, for appellant.

Joseph J. Mittleman, Asst. Dist. Atty., Media, for Com., appellee.

Before DEL SOLE, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This case involves an appeal from the judgment of sentence for possession with intent to deliver a controlled substance and possession of drug paraphernalia by the appellant, Marco Peticca, III.[1]  We affirm.

The sole issue raised for our consideration by the appellant appears at page 3 of his appellate brief under the caption "Statement Of Question Involved" and reads:

IS THE LACK OF A JUDICIAL SEAL ON A SEARCH WARRANT MERELY A TECHNICAL DEFECT WHICH

1. At trial, the appellant was convicted of driving while under the influence, possession of a controlled substance (cocaine, marijuana and phencyclidine), possession with intent to deliver controlled substances and possession of drug paraphernalia.  At the time set for sentencing, a term of imprisonment for driving under the influence of 48 hours to 23 months was imposed and it was to be served concurrently with the 4–10–year term of imprisonment issued for possession with intent to deliver conviction.  The possession of a controlled substance conviction merged for sentencing purposes with the intent to deliver conviction, while the paraphernalia offense resulted in a 6–month to 1 year concurrent sentence imposed by the court.

ALONE DOES NOT IMPLICATE CONSTITUTIONAL PROTECTION?

More particularly, it is the contention of the appellant that the search warrant prepared by Patrolman Joseph Caulfield of the Upper Chichester Township Police Department, "[w]ithout a judicial seal, ... [wa]s not valid and lawful process", notwithstanding the attachment of an affidavit of probable cause signed, sworn to and subscribed by the patrolman before Joseph F. Battle, Judge of the Common Pleas Court. See Appellant's Brief at 9.

Accordingly, the appellant seeks to have the evidence seized from his premises viewed in the context of a warrantless search justifying, in the absence of exigent circumstances, the suppression of the evidence. We disagree and do so since the underlying predicate to his argument is flawed.

There is no disputing the fact that Pa.R.Crim.P. 2005 requires that "[e]ach search warrant shall be signed and sealed by the issuing authority" before it may be issued and executed by the authorities. However, we find the noncompliance with the "seal" aspect of Rule 2005 to be ministerial in nature so that its dispensation is not fatal to an otherwise properly prepared (in form and substance) search warrant.

To explicate, in *Commonwealth v. Chandler*, 505 Pa. 113, 477 A.2d 851 (1984), the Court found that a search warrant that had been "signed" by the issuing authority vitiated a police search for having taken place in the absence of a valid "warrant". In the course of making its decision, the *Chandler* Court wrote in pertinent part that:

Reasonable judges and legal scholars may well differ over the technicalities of how best to memorialize the facts the issuer of the warrant had when he issued it and how technical courts should be in reviewing his decision to issue. We believe, however, none ever doubted the necessity of the exercise of judicial discretion.

Both the Fourth Amendment to the United States Constitution and Article I, Section 8 of our Pennsylvania

Constitution prohibit unreasonable searches and seizures. They provide that no warrant shall issue except upon probable cause supported by oath or affirmation, and that the warrant must describe the place to be searched and the person or things to be seized. This constitutional protection against unreasonable searches and seizures is not some new thing produced by recent decisions in the courts. It is rooted in long recognized principles of humanity and civil liberty.

In *Johnson v. United States*, [333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436] [(1948)] the United States Supreme Court stated:

> The point of the Fourth Amendment which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.... When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or government enforcement agent.

The issuing judicial authority, in this case a District Justice, has the authority and obligation to draw such reasonable inferences as he will from the material supplied to him by police applying for a warrant and to make a finding on the issue of probable cause. Moreover, the magistrate is free to exact such assurances as he deems necessary to insure that the information on which probable cause is based has been obtained in a reliable way from a credible person.

*The magistrate's function is more than the ministerial one of administering an oath to an officer who has set forth facts the officer believes constitute probable cause. The magistrate must make a judicial determination, albeit a non-technical, common sense judgment, ..., as to whether probable cause exists.* It is not

enough for a policeman to present an affidavit to the magistrate prior to the search which affidavit the judiciary may consider on the issue of probable cause with complete hindsight after the police have completed their search. *The magistrate must actually make a finding of probable cause to validate the warrant before he issues it. Moreover, he must do it by written order. It is not enough that in this case the Commonwealth presented District Justice Tempest with sufficient facts to justify a finding of probable cause. The record does not show he rendered a judicial determination on that issue.*

*    *    *    *    *    *

Where is it clear from the warrant that the District Justice intended to issue it but there are technical errors in the warrant our appellate courts have permitted its amendment. An omission or error in the warrant is fatal only if it deprives the suppression court of the ability to review the propriety of the issuance and execution of the warrant.

505 Pa. at 121–124, 477 A.2d 855–856 (Citations omitted; footnote omitted; emphasis added).

Instantly, unlike in *Chandler,* we had the issuing authority (a Common Pleas Court judge)[2] approached by police for the issuance of a search warrant. The affiant had prepared a two-and-one-half-page typed affidavit of probable cause document in support of a request for a warrant to search the appellant's residence for controlled substances and drug paraphernalia. The affidavit was sworn to and subscribed before Judge Battle by Patrolman Joseph Caulfield. The same signature execution appeared on the bottom of the search warrant application; it was a separate instrument and was signed and dated by Judge Battle on December 27, 1988.

**2.** It appears that a District Justice could not be located at the time. As a result, the police went to the judge's residence to secure the warrant—the seal of the judge was at his courthouse office.

The issuing judicial authority complied with his obligation to review the affidavit of probable cause and executed his signature verifying the issuance of the search warrant as required by law. See *Chandler*, supra.

Albeit Pa.R.Crim.P. 2005 requires that a search warrant be signed and sealed by an issuing authority, we find that the primary obligation of an issuing authority, i.e., determine if probable cause exists to justify the issuance of a search warrant, was satisfied by Judge Battle sufficient to comply with the Fourth Amendment requirements justifying the grant of a warrant. *Id.*

We quote with approval the assessment of the case made by the Trial Court Judge (who also presided over the suppression hearing) in his denial of the appellant's post-trial motions, one of which challenged the search of the appellant's residence as "not [being] pursuant to a properly and lawfully issued warrant....";[3] to-wit:

It is conceded that magistrate error can be of constitutional dimension in negating the validity of a search warrant. However, a different set of circumstances applied in the present case. Judge Battle reviewed the search warrant and made a written independent determination that probable cause existed. He signed the warrant and completed the warrant in its entirety but did not seal the warrant prior to returning it to the police officers. In light of the standards set by the *Mason* Court, it appears that the lack of a judicial seal alone on a search warrant is a technical defect which does not arise to the level of constitutional dimension. Judge Battle made a finding that probable cause existed and so noted on the warrant.[4] He obviously reviewed the facts before mak-

**3.** This issue is preserved inasmuch as the appellant's Omnibus Pre–Trial Motion For Relief at paragraph 7 provided: "That the alleged warrant was not as a matter of law properly *issued* by the District Justice." (Emphasis added) The pre-trial motion was denied following a hearing on May 19, 1989, by an order of court dated May 30, 1989.

**4.** On the reverse side of the search warrant application appears the following printed language:

ing that finding and determination on the warrant. Therefore constitutional provisions and protections were applied and carried out in the application and execution of the search warrant.

Lower Court Opinion at 3–4 (Citations omitted). Thus, consistent with the principle objectives recited in *Chandler* to approve a search warrant application, the issuing authority instantly "actually ma[d]e a finding of probable cause to validate the warrant before he issue[d] it ... by written order." See note 4, supra. Stated differently, the *record* shows that the issuing authority rendered a judicial determination on the issue of probable cause. *Id.*

Interestingly enough, nowhere in the record below or on appeal does the appellant challenge the authenticity of the signatures of either the issuing authority or the affiant. His sole ground for assailing the search warrant is not, therefore, a substantive assault on fundamental due process precepts. See, e.g., *Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983) (Misdating by magistrate did not render search warrant invalid); *Commonwealth v. Emanuel*, 501 Pa. 581, 462 A.2d 653 (1983) (Rubberstamp facsimile of district attorney's signature on bills of information satisfied Pa.R. Crim.P. 225(b)'s requirement that information be "signed" by attorney for the Commonwealth). As such, the affixing of a "seal" to a search warrant application is a procedural requirement done to authenticate the document. See Black's Law Dictionary 1516–17 (Rev. 4th ed. 1968). It is not, however, a *sine qua non* to its validation as a judicially reviewed instrument by an impartial member of the judiciary to determine the presence of probable cause to validate the warrant before having it issued. See *Chandler*, supra, and compare with *Commonwealth v. Williams*, 237 Pa.Super. 324, 352 A.2d 67 (1975) (Both signature and seal

TO LAW ENFORCEMENT OFFICER: WHEREAS, facts have been sworn to or affirmed, before me by written affidavit(s) attached hereto from which I have found probable cause.... [27th of Dec., 1988]

/s/ Joseph F. Battle (SEAL)
(Signature of Issuing Authority)

of issuing authority missing so as to invalidate search warrant); *Commonwealth v. McAfee,* 230 Pa.Super. 336, 326 A.2d 522 (1974) (semble).

We examined the sparse law on the question presented and conclude that the role of the issuing authority (as the arbiter of the presence or absence of probable cause) was not perverted in contravention of one's Fourth Amendment right to be free of unreasonable searches and seizures. The essential function of the issuing authority was preserved at bar when Judge Battle affixed his signature on both the search warrant application and affidavit of probable cause to conclude that "probable cause" existed to authorize the search of the appellant's premises. The contention to the contrary is found to be meritless.

Judgment of sentence affirmed.