PEOPLE v TEJEDA (ON REMAND)

Docket No. 146667. Submitted November 27, 1991, at Lansing. Decided January 22, 1992, at 9:10 A.M.

Thomas R. Tejeda was convicted by a jury in the Ottawa Circuit Court, James E. Townsend, J., of possession of more than 50, but less than 225, grams of cocaine and thereafter was convicted of being an habitual controlled-substances offender following a bench trial. The Court of Appeals, HOLBROOK, JR., P.J., and SAWYER, J., (GRIFFIN, J., dissenting), reversed, holding that the cocaine had been illegally seized from the defendant because affidavits submitted in support of search warrants authorizing the electronic monitoring of conversation between him and an informant and the search of his business premises failed to meet the requirements of MCL 780.653; MSA 28.1259(3). The Court of Appeals also ordered the defendant discharged from custody, determining that retrial was not possible in light of the suppression of evidence of the cocaine. 181 Mich App 450 (1989). On rehearing, the same panel (GRIFFIN, J., dissenting) held that retrial with use of evidence unrelated to the illegal seizure was not barred. The Supreme Court, in lieu of granting leave to appeal, vacated the decision of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *People v Collins,* 438 Mich 8 (1991). 439 Mich 869 (1991).

On remand, the Court of Appeals *held:*

1. In *Collins,* the Supreme Court overruled its decision in *People v Beavers,* 393 Mich 554 (1975), which had required a search warrant before police could engage in the electronic monitoring of a conversation in which a participant in the conversation has consented to the monitoring. In light of the decision in *Collins,* evidence previously suppressed in this case

REFERENCES

Am Jur 2d, Searches and Seizures §§ 30, 31, 46, 71..

Obtaining evidence by use of sound recording or of mechanical or electronic eavesdropping device ("bugging") as violation of Fourth Amendment—Federal cases. 59 L Ed 2d 959.

Requirement, under Federal Constitution, that person issuing warrant for arrest or search be neutral and detached magistrate—Supreme Court cases. 32 L Ed 2d 970.

on the basis that the warrant for electronic monitoring was defective under *Beavers* is now properly admissible against the defendant.

2. The neutrality and detachment of the magistrate who issued the warrant for the search of the defendant's business premises was not compromised when police officers, in order to complete the affidavit in support of the search of the business premises with information that became available in the course of electronic monitoring, waited in the magistrate's chambers while the informant delivered the cocaine to the defendant, and other officers monitored their conservation.

Conviction reinstated.

1. SEARCHES AND SEIZURES — WITHOUT WARRANTS — PARTICIPANT MONITORING.

A search warrant is not required for police to electronically monitor a conversation between two persons where one of the conversants consents to be monitored.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PARTICIPANT MONITORING — AFFIDAVITS.

The neutrality and detachment of a magistrate who issues a search warrant is not compromised where police officers wait in the magistrate's chambers to complete their affidavit in support of the warrant with information that becomes available during the course of electronic monitoring of a conversation between an informant and the suspect whose premises are to be searched.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

*Balgooyen Law Offices, P.C.* (by *Gerald W. Gibbs*), for the defendant.

### ON REMAND

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

PER CURIAM. This case is once again before us, now on remand from the Supreme Court. We

originally set aside defendant's conviction of possession of cocaine, MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii), having concluded that the cocaine was illegally seized pursuant to a defective search warrant. *People v Tejeda,* 181 Mich App 450; 449 NW2d 908 (1989). In an opinion on rehearing, however, we concluded that defendant could be retried, as long as the illegally obtained evidence was suppressed. *People v Tejeda (On Rehearing),* 188 Mich App 292; 469 NW2d 77 (1991). The Supreme Court, in lieu of granting leave to appeal, has now remanded the matter to us for reconsideration in light of *People v Collins,* 438 Mich 8; 475 NW2d 684 (1991). 439 Mich 869.

In *Collins,* the Court overruled its prior decision in *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), which required a search warrant before police could engage in electronic participant monitoring.[1] Our original decision in this matter was based on the conclusion that the warrant allowing participant monitoring in this case was defective under *Beavers.* Because *Beavers* has now been overruled, the fruits of the participant monitoring in the case at bar are now admissible.

Because the evidence obtained from the participant monitoring can now be deemed to have been lawfully obtained, we must reevaluate the validity of the third search warrant issued, which authorized the search of defendant's bookstore for the cocaine. We are persuaded that the evidence obtained from the electronic monitoring of the conversation between defendant and the informant, Raymond, established probable cause to issue the search warrant for the bookstore.

One last issue, which defendant raised in the

---

[1] I.e., electronic monitoring of a conversation where a participant to that conversation has consented to the monitoring.

original appeal but which we declined to address in our previous opinions, remains in this case. Defendant argues that the search warrant for the bookstore was defective because it was not issued by a neutral and detached magistrate. Specifically, defendant points to the fact that police officers waited in the magistrate's office while Raymond delivered the cocaine to defendant and other officers electronically monitored the conversation. The waiting officers then received a telephone call from the officers monitoring the conversation and filled in the remainder of the search warrant affidavit with the information obtained from the participant monitoring. The affidavit and warrant were then presented to the magistrate, who issued the final search warrant.

We see nothing improper with officers waiting in chambers to learn of the results of a controlled delivery so that they may proceed with obtaining a search warrant. Indeed, this is preferable to having the police proceed with a search on grounds of exigent circumstances because of delay that could be occasioned by taking time to obtain a warrant and the subsequent threat of a loss of evidence. The mere fact that police wait in court does not mean that the magistrate has injected himself into the investigatory process. We are satisfied that a judge may remain neutral and detached even with the presence of officers in chambers.

Defendant's conviction is reinstated.