PEOPLE v BARKLEY

Docket Nos. 190146, 192430. Submitted May 7, 1997, at Lansing. Decided September 26, 1997, at 9:10 A.M.

Mark D. Barkley was charged in the Cheboygan Circuit Court with breaking and entering an occupied dwelling with intent to commit larceny. After the trial court, Robert C. Livo, J., denied the defendant's motion to suppress evidence seized in a search conducted pursuant to a search warrant, the defendant entered a conditional plea of guilty and was sentenced to two to ten years' imprisonment. The defendant appealed by leave granted from the denial of his motion to suppress evidence, alleging that the search was invalid because the judge signed three of the four copies of the warrant but, through an oversight, did not sign the copy that was presented to the defendant at the time of the search. (Docket No. 190146.) The defendant also appealed as of right from his conviction and sentence. (Docket No. 192430.) The appeals were consolidated.

The Court of Appeals *held*:

The fact that a search warrant has not been signed by a magistrate or judge presents a presumption that the warrant is invalid. This presumption may be rebutted with evidence that, in fact, the magistrate or judge did make a determination that the search was warranted and did intend to issue the warrant before the search. In this case, any presumption of invalidity arising from the lack of a signature on one of the four copies of the search warrant was amply rebutted. The record indicates that the search warrant was validly issued and executed.

Affirmed.

SEARCHES AND SEIZURES — JUDGE'S SIGNATURE ON WARRANT — PRESUMPTIONS.

The fact that a search warrant has not been signed by a magistrate or judge raises a presumption that the warrant is invalid; the presumption of invalidity may be rebutted with evidence that, in fact, the magistrate or judge did make a determination that the search was warranted and did intend to issue the warrant before the search.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Joseph P. Kwiatkowski*,

Prosecuting Attorney, and *Michael E. Moody*, Assistant Attorney General, for the people.

*Ronald J. Varga*, Public Defender, for the defendant.

Before: BANDSTRA, P.J., and GRIFFIN and FITZGERALD, JJ.

BANDSTRA, P.J. Defendant appeals by leave granted from an order of the circuit court that denied his motion to suppress items seized in a search conducted pursuant to a search warrant. Defendant also appeals as of right from his conviction and sentence following his conditional plea of guilty to a charge of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. The appeals were consolidated. Defendant was sentenced to two to ten years' imprisonment. The sole issue presented in these appeals is the propriety of the circuit court's denial of the motion to suppress. Defendant argues that the search was invalid and the fruits of the search should have been suppressed because the copy of the warrant that was served on him at the time of the search did not bear the magistrate's signature, the line for that signature remaining blank. We affirm.

The search warrant was prepared using a standard form issued by the State Court Administrator; it contains an original warrant and three copies. The original warrant is designated a "return" warrant; its use allows the authorities making a search to indicate when the search occurred and what property was seized pursuant to the warrant. The first copy of the search warrant is designated for the prosecutor's files. The second copy is designated a "serve" copy to

be provided to the person whose property will be searched. The third copy is designated for filing with the issuing judge or magistrate. The portion of the form designating the person, place, or thing to be searched as well as the property to be searched for is automatically duplicated by carbon from the original warrant to the three copies. The signature line for the judge or magistrate issuing the warrant and the accompanying date line are not contained within the carbon-copied portion of the form. These lines must be completed separately on the original warrant and each of the three copies.

In this case, the magistrate signed and dated the original (return) warrant and the first (prosecutor's) and third (issuing judge's or magistrate's) copies. However, through some oversight, the magistrate only dated the second (serve) copy, and it was presented to defendant at the time of the search without the magistrate's signature. Apart from the omission of the signature on the serve copy of the warrant, defendant raises no argument that the warrant was invalid. He does not argue that the other copies were not, in fact, signed by the magistrate.[1] He does not argue that there was inadequate cause for the warrant or that it was deficient in any other regard. His sole claim is that the lack of a signature on the serve copy violates the search and seizure protections afforded by the

---

[1] To the extent that defendant is arguing that the search warrant was signed after the search took place, we conclude that this assertion is without merit. The trial court's finding that the writing of the dates on the signed copies of the warrant matched the writing of the date on the unsigned copy given to defendant at the time of the search such that they were all written by the same individual at the same time, i.e., before the search, was not clearly erroneous. *Webb v Smith (After Remand)*, 204 Mich App 564, 568; 516 NW2d 124 (1994).

Michigan Constitution.[2] Const 1963, art 1, § 11. We disagree.

In support of his argument, defendant relies exclusively on *People v Hentkowski*, 154 Mich App 171; 397 NW2d 255 (1986), and *People v Locklear*, 177 Mich App 331; 441 NW2d 73 (1989). In *Hentkowski, supra* at 175, the magistrate had inadvertently failed to sign the search warrant altogether. Nonetheless, the police officers executed the warrant, and, three days later when the mistake was discovered, the magistrate affixed his signature. *Id.* This Court determined that this procedure violated the search and seizure provi-

---

[2] Defendant briefly mentions the Fourth Amendment of the United States Constitution in his brief, but he has come forward with no authority construing, nor made any argument concerning, that amendment. As will be discussed, defendant relies exclusively on Michigan precedents discussing the Michigan Constitution. We are not required to search for precedents in support of an argument merely hinted at by a litigant, *People v Hanna*, 223 Mich App 466, 475; 567 NW2d 12 (1997), and we consider any possible Fourth Amendment argument to be waived. We further note that any Fourth Amendment argument defendant might have preserved would probably be unavailing in light of the United States Supreme Court's recognition of a "good faith" exception to the exclusionary rule in this context. *United States v Leon*, 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984).

Defendant also fails to raise any argument whatsoever concerning the search warrant statute, MCL 780.651(4); MSA 28.1259(1)(4), which specifically requires, in certain circumstances, that the investigator conducting a search receive "proof that the issuing judge or . . . magistrate . . . has signed the warrant" before the warrant is executed." Although any argument based on the statute has thus been waived, we note that this statute does not specifically apply in this case, the search warrant here not having been issued electronically or electromagnetically. We further note that the statute does not explicitly require that every copy of a warrant be signed by the judge or magistrate. In this case, the availability of the signed copies of the warrant would probably constitute sufficient "proof" that the warrant was issued to satisfy the statute. Finally, any possible violation of this statute would be "hypertechnical" under the facts of this case, and not prejudicial to defendant. See *People v Myers*, 163 Mich App 120, 122-123; 413 NW2d 749 (1987). See, generally, anno: *Validity of, and admissibility of evidence discovered in, search authorized by judge over telephone*, 38 ALR4th 1145.

sion of the Michigan Constitution[3] and that the evidence resulting from the search should have been suppressed. *Id.* at 179. The Court reasoned that a signature by the magistrate was necessary for a number of reasons: (1) to distinguish an actual warrant from draft warrants that might have been prepared; (2) to provide identifiable objective manifestation of the magistrate's subjective intent that the warrant should issue; (3) to impress upon the magistrate the seriousness and importance of the issuance of a search warrant; (4) to discourage possible police misconduct that might result if searches based on unsigned warrants were considered valid; and (5) to allow persons subject to a search to review the document and determine whether they should resist or raise questions. *Id.* at 177-179. The Court in *Hentkowski, id.* at 179, also relied upon an analogous precedent, *People v Goff*, 401 Mich 412; 258 NW2d 57 (1977), where our Supreme Court had declared invalid a search warrant based on an unsigned affidavit purporting to establish probable cause.

In *Locklear, supra* at 332-333, the judge had signed the jurat of the affidavit for the search warrant. Although the jurat was intended to indicate that the affiant had subscribed and sworn to the facts presented before the judge, the judge thought that by affixing his signature, he was authorizing and issuing the warrant. *Id.* Applying the reasoning of *Hentkowski*, a majority of the panel in *Locklear* determined that the warrant was invalid and that the resulting evidence should have been suppressed. *Id.* at 333-335.

---

[3] The *Hentkowski* panel specifically limited its decision to the Michigan Constitution. *Id.* at 176, n 1.

Relying on *People v Mitchell*, 428 Mich 364; 408 NW2d 798 (1987), a decision rendered after *Hentkowski*, the dissenting member of the panel in *Locklear* reasoned that the important question was whether the magistrate intended to issue the warrant and not whether, because of some technical problem, the magistrate's signature failed to appear on the warrant at the time of the search. *Locklear, supra* at 336-337 (W. F. LaVoy, J., dissenting).

In *Mitchell, supra* at 365, our Supreme Court reconsidered its decision in *Goff*. The Court in *Mitchell* determined that the *Goff* rule necessarily invalidating search warrants based on unsigned affidavits was not required by the Michigan Constitution. *Id.* at 368. Instead, a search warrant based upon an unsigned affidavit is presumed invalid, but the prosecution may rebut this presumption of invalidity by showing that the affidavit was made on oath to a magistrate. *Id.* at 369. The trial court had found, after an evidentiary hearing, that the affidavit was made on oath to a magistrate, and, accordingly, the Supreme Court determined that the search warrant was valid and the evidence seized pursuant to it was admissible against the defendant. *Id.*

Although the majority of the panel members in *Locklear* concluded that the *Mitchell* affidavit analysis was not applicable in a search warrant case, we are not bound by that result. MCR 7.215(H)(1). The majority in *Locklear* reasoned that an unsigned search warrant presents "a more fundamental problem" than an unsigned affidavit in support of a warrant. *Locklear, supra* at 335. We disagree. The affidavit provides the factual support necessary for the magistrate or judge to determine whether there is sufficient probable

cause to provide constitutional justification for the
search. We see no reason to conclude that the affi-
ant's signature is less important than that of a magis-
trate or judge issuing the warrant. We conclude that
the *Mitchell* treatment of an unsigned affidavit is
equally appropriate for an unsigned search warrant.
To hold otherwise and invalidate a warrant for lack of
a signature when there is other evidence that the
judge or magistrate intended that the warrant should
issue would be "a classic case of exaltation of form
over substance."[4] *Locklear, supra* at 336 (W. F. LaVoy,
J., dissenting).

Applying *Mitchell* to the issue presented here, we
hold that the fact that a search warrant has not been
signed by a magistrate or judge presents a presump-
tion that the warrant is invalid. However, this pre-
sumption may be rebutted with evidence that, in fact,
the magistrate or judge did make a determination that
the search was warranted and did intend to issue the
warrant before the search.[5]

---

[4] Our treatment of the question presented under the Michigan Constitu-
tion is consistent with that afforded to a similar question presented under
the United States Constitution in *United States v Turner*, 558 F2d 46 (CA
2, 1977). Reasoning that "[t]he Fourth Amendment requires that the deter-
mination of probable cause—the judgmental function of drawing infer-
ences from evidence and deciding whether probable cause exists—be
made by a neutral and detached magistrate," the court found no constitu-
tional violation resulting from a magistrate's delegating the "purely minis-
terial task" of signing a warrant to a customs agent. *Id.* at 50. "As long as
the magistrate in fact performs the substantive tasks of determining prob-
able cause and authorizing the issuance of the warrant, the amendment is
satisfied." *Id.*

[5] The *Mitchell* analysis thus allows an "after the fact" ratification of the
presearch probable cause determination and decision to issue a warrant.
As outlined above, *Hentkowski* raised a number of concerns necessitating
signature *at the time* a warrant is issued and before it is served. Accord-
ingly, we conclude that *Mitchell* has effectively overruled *Hentkowski*.
Further, we note that the concerns raised in *Hentkowski* are largely inap-
posite in this case in light of the fact that the magistrate did sign three of

In this case, any presumption of invalidity arising from the lack of a signature on one of the four copies of the warrant has been amply rebutted. Defendant does not argue that the magistrate failed to appropriately determine that there was probable cause for the search or that the magistrate did not intend that the warrant would issue. The evidence indicates that three copies of the warrant were signed before the search. As in *Mitchell,* we conclude that the record amply demonstrates that the search warrant was validly issued and executed.[6]

Affirmed.

GRIFFIN, J., concurred.

FITZGERALD, J. I concur in the result only.

---

the four copies of the warrant before the search. These included the "return" copy that was to be completed (and was, in fact, completed) by the investigating officers by listing items seized in the search. Presumably, this was in the possession of the officers or otherwise readily available for review at the time and place of the search had defendant raised questions arising from the unsigned "serve" copy.

[6] Because we conclude that the Michigan Constitution was not violated in this case, we need not determine a second question implicit in defendant's argument regarding whether suppression of evidence would be an appropriate remedy had a violation occurred. Judge GRIFFIN adheres to his previous position regarding this issue. See, generally, *People v Perry,* 201 Mich App 347, 353-359; 505 NW2d 909 (1993) (GRIFFIN, P.J., concurring); *People v Powell,* 201 Mich App 516; 506 NW2d 894 (1993) (opinion by CORRIGAN, P.J.); *People v Tejeda,* 181 Mich App 450, 461-467; 449 NW2d 908 (1989) (GRIFFIN, J., dissenting); *People v Tejeda (On Rehearing),* 188 Mich App 292; 469 NW2d 77 (1991); *People v Tejeda (On Remand),* 192 Mich App 635; 481 NW2d 814 (1992).